COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-06-087-CR

 

 

STEPHANIE MICHELE GLASSCOCK                                         APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 355TH DISTRICT COURT OF HOOD COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Stephanie
Michele Glasscock of sexually assaulting the complainant, C.Y.,[2]
and assessed punishment of ten years= confinement.  In accordance
with the jury=s verdict,
the trial court suspended imposition of the sentence and placed Appellant on
community supervision.  She appeals in a
single point, asserting that the evidence at trial was factually insufficient.  We affirm.

BACKGROUND

According to the testimony at
trial, on or around August 22, 2004, fifteen year old C.Y. and two other boys
accompanied Appellant, C.Y.=s former math teacher, to her home while her husband was out of
town.  C.Y. testified that he used a
condom given to him by one of the other boys and had sexual intercourse with
Appellant.  In State=s exhibit three, C.Y.=s videotape interview with Officer Gay Johnson, C.Y. states that he
woke up naked with Appellant and that she asked him, AWas you the one I screwed?@  This portion of the videotape
was played for the jury.

Platt Glasscock, Appellant=s ex-husband, testified that when he returned home the next day, he
found a used condom in a drinking cup and a condom wrapper for a brand that he
did not use.  He testified that he threw
both away. He also testified that some of his guns were missing.  Glasscock testified that when he confronted
Appellant about the condom, she said, AI had a party here, cheated on you.@  He called the Hood County
Sheriff=s Department about the stolen guns; Officer Johnson began
investigating that theft complaint during the end of August and beginning of
September.








C.Y. made his outcry to
Officer Johnson ten days after she began investigating the stolen guns.  Appellant was charged with violating section
22.011(a)(2)(C) of the penal code, which provides that a person commits an
offense if she intentionally or knowingly Acauses the sexual organ of a child to contact or penetrate the mouth,
anus, or sexual organ of another person, including the actor.@  Tex. Penal Code Ann. ' 22.011(a)(2)(C) (Vernon Supp. 2006). 
AChild@ is defined
as a person younger than seventeen who is not the spouse of the actor.  Id. ' 22.011(c)(1).

FACTUAL SUFFICIENCY OF THE
EVIDENCE

In Appellant=s sole point, she claims that the only direct evidence was provided by
the complainant, C.Y., who, she asserts, had a good reason to provide false
testimony and a history of telling lies, based on Officer Johnson=s testimony that C.Y lied to her at least five times after he became a
suspect in the gun theft.  She also
complains that there was no physical evidence introduced at trial,
specifically, no evidence of a DNA link between Appellant and C.Y.








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact‑finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact‑finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414‑15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).  To reverse under the
second ground, we must determine, with some objective basis in the record, that
the great weight and preponderance of all the evidence, though legally
sufficient, contradicts the verdict.  Watson,
204 S.W.3d 417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact‑finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at
8.  Thus, we must give due deference to
the fact‑finder=s
determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.

An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  C.Y. testified at trial, both in-person and
on videotape, that he had sexual intercourse with Appellant at her home and
used a condom.  This was corroborated by
Platt=s testimony that the next day he found a used condom at the home he
shared with Appellant and that she told him that she had cheated on him when he
asked her about it.  Officer Johnson
testified that she interviewed Appellant, who Aindicated that . . . her husband had found a condom at the residence
and she had to admit she was having an affair with someone.@








Although Officer Johnson testified
that C.Y. lied to her several times when she questioned him about the guns and
that he initially denied having a sexual relationship with Appellant, the jury
chose to resolve this contradictory testimonial evidence against Appellant.  See Johnson, 23 S.W.3d at 8.  When asked about DNA evidence, Officer
Johnson testified that she and the other investigator Adid everything possible at the time frame that we wereCwe were into the case@ and explained to the jury the A72-hour rule guideline,@ testifying that, after seventy-two hours, there is a reduced chance
of recovering forensic evidence of sexual assault.  Having reviewed all of the evidence,
including the videotape, we cannot say that the jury was clearly wrong or
manifestly unjust in convicting Appellant.  See Watson, 204 S.W.3d at 414-15; Johnson,
23 S.W.3d at 9, 11.  We overrule
Appellant=s sole
point.

CONCLUSION

Because we hold that the
evidence was factually sufficient to support Appellant=s conviction, we affirm the trial court=s judgment.  See Watson,
204 S.W.3d at 414-15; Clewis v. State, 922 S.W.2d 126, 133‑34
(Tex. Crim. App. 1996).

 

PER CURIAM

 

 

PANEL
B:  HOLMAN, LIVINGSTON, and DAUPHINOT,
JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:
February 1, 2007











[1]See Tex.
R. App. P. 47.4.





[2]We refer to the complainant by his
chosen pseudonym.  See Tex. Code Crim. Proc. Ann. art.
57.02(b) (Vernon 2006).